ACCEPTED
13-14-00006-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/7/2015 5:08:45 PM
DORIAN RAMIREZ
CLERK

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/7/15

**DORIAN E. RAMIREZ, CLERK**
**BY** JParedes

# IN THE COURT OF APPEALS
## FOR THE THIRTEENTH
### JUDICIAL DISTRICT OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/7/2015 5:08:45 PM
DORIAN E. RAMIREZ
Clerk

# CT.APP. 13-14-00006-CR & 13-14-00007-CR

RAUL GARZA SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

ON APPEAL FROM:
THE 445TH DISTRICT COURT
OF CAMERON COUNTY, TEXAS
CAUSE NO. 2013-DCR-1700
& 2013-DCR-1701

\* \* \* \* \* \* \* \* \*
APPELLANT'S BRIEF
\* \* \* \* \* \* \* \* \*

Larry Warner
Attorney at Law
3109 Banyan Drive
Harlingen, Texas
Phone (956)230-0361
Fax (866) 408-1968
Office@larrywarner.com
www.larrywarner.com
Texas Bar#20871500;USDC,SDTX 1230;
Board Certified, Criminal Law, Texas
Board of Legal Specialization(1983)
ATTORNEY FOR APPELLANT`

APPELLANT REQUESTS ORAL ARGUMENT,
PURSUANT TO TEX.R.APP.PROC.39.7
AND 13TH TEX.APP.(CORPUS CHRISTI)LOC.R.4

*Pursuant to Tex.R.App.Proc.38.1(a),Appellant provides the following identity of parties and counsel:*

## PARTIES AND INTERESTED PERSONS

1. Victor Ramirez, Attorney at Law, SBOT No. 24048750, 905 E Jackson St.,Brownsville, TX 78520-5923. Phone: (956) 621-2446.
   DEFENSE ATTORNEY AT TRIAL

2. Gustavo Garza, Assistant District Attorney, SBOT No. 07731700, 964 E Harrison St., Brownsville, TX 78520. Phone: (956) 544-0849.
   PROSECUTING ATTORNEY AT TRIAL

3. Ismael Hinojosa, Assistant District Attorney, SBOT No. 24041102, 964 E Harrison St., Brownsville, TX 78520. Phone: (956) 544-0849.
   PROSECUTING ATTORNEY AT TRIAL

4. Hon. Luis Saenz, Cameron County District Attorney, SBOT No. 17514880, 964 E Harrison St., Brownsville, TX 78520. Phone: (956) 544-0849.
   PROSECUTING ATTORNEY AT TRIAL

5. Larry Warner, Law Office of Larry Warner, SBOT No. 20871500, 3109 Banyan Circle, Harlingen, TX 78550. Phone: (956) 230-0361.
   DEFENSE ATTORNEY AT SENTENCING AND ON APPEAL

*Pursuant to Tex.R.App.Proc.38.1(b,Appellant provides the following table of contents:*

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| IDENTITY OF PARTIES | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF AUTHORITIES | iv |
| STATEMENT OF CASE | v |
| STATEMENT RE ORAL ARGUMENT | vi |
| ISSUES PRESENTED | 1-3 |
| STATEMENT OF FACTS | 4-7 |
| SUMMARY OF ARGUMENT | 8 |
| ARGUMENT | 12-39 |
| CONCLUSION AND REQUEST FOR RELIEF | 40-41 |
| CERTIFICATE OF SERVICE | 42 |
| CERTIFICATE OF COMPLIANCE | 43 |

*Pursuant to Tex.R.App.Proc.38.1(c),Appellant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

<u>**CASES**</u>                                                                 **PAGES**

Brady v. Maryland**, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

Chabot v. State**, 300 S.W.3d 768(Tex.Crim.App.2009)** . . . . . **21**

Clements v. State**, 576 S.W.2d 390(Tex.Crim.App.1979)** . . . . **13**

Duggan v. State**, 778 S.W.3d 465(Tex.Crim.App.1989)** . . . . . **23**

Duncan v. Louisiana**,391 U.S.145(1968)** . . . . . . . . . . . **35-36**

Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010)** . . **3,6,11,19**

Ex parte Adams**,768 S.W.2d 281(Tex.Crim.App.1989)** . . . **2,5,10,25**

Ex parte Carmona**,185 S.W.3d 192(Tex.Crim.App.2006)** . . . . **31-32**

Ex Parte Ellis**,275 S.W.3d109,126 hn20(Tex.App.--Austin 2008,no pet.)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **vi**

Ex Parte Ghahremani**,332 S.W.3d 470(Tex.Crim.App.2011)** . . . **16-18**

Ex Parte Givens, **619 S.W.2d 184(Tex.Crim.App. 1981)** . . . . . **39**

**Hough v. State,828 S.W.2d97,101 hn6(Tex.App.–Beaumont 1992,pet.ref'd)** . . . . . . . . . . . . . . . . . . . . . . . . **13,14**

**Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249, 252–53 (1887)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

Parle v. Runnels**,505 F.3d 922(9th Cir.2007)** . . . . **3,6,11,36,37**

Ramirez v. State**,96 S.W.3d 386(Tex.App.–Austin 1992,pet.ref'd)** **26-27**

Stroud v. VBFSB Holding Corp., **917 S.W.2d 75, 78 (Tex.App.-San Antonio 1996, writ denied)** . . . . . . . . . . . . . . . . . **6**

Turner v. State**,677 S.W.2d 518,523 hn13(Tex.Crim.App.[en banc]1984)** . . . . . . . . . . . . . . . . . . . . . . . . . . . **34**

United States v. Bagley, **473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)** . . . . . . . . . . . . . . . . . . . . . **17**

Webb v. State**,341 S.W.3d 415(Tex.Crim.App.2011)** . . . . . . . **32**

Yates v. State**,171 S.W.3d 215(Tex.App.–Houston[1st Dist.]2005,pet.ref'd)** . . . . . . . . . . . . . . . . . . . . . **26**

*Pursuant to Tex.R.App.P.38.1(a), Appellant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

### *STATEMENT OF THE CASE*

The defendant was indicted for tampering with governmental records relating to the testing of and by Roberto Cadriel and 2 counts of abuse of official capacity. (Count I, Clerk Record pages 4-5) (Count II, Clerk's Record pages 4-5)

The defendant pleaded not guilty and tried the matter to a jury. (Count I, Clerk's Record, Page 20) (Count I*I*, Clerk's Record, Page 14)

The jury found the defendant guilty as charged.(Count I, Clerk's Record, Pages 101-103) (Count II, Clerk's Record, Pages 68-70)

The trial court sentenced the defendant to a term of 10 months in the county jail.(Count I, Clerk's Record, Page 146-147) (Count I, Clerk's Record, Page 128-129)

Defendant timely filed his notice of appeal on December 18, 2013. (Count I, Clerk's Record, Page 128-129) (Count II, Clerk's Record, Page 87-88)

*Pursuant to Tex.R.App.P.38.1(e), Appellant explains why oral argument would be helpful to the decision making process.*

## STATEMENT REGARDING ORAL ARGUMENT

A Court of Appeals explained that it allows oral argument "in order to clarify or expound upon the issues raised in the.. briefs". **Ex Parte Ellis**,275 S.W.3d109,126 hn20(Tex.App.--Austin 2008,no pet.)

If the Court of Appeals were to allow oral argument, counsel could respond at once to any of the questions any of the Justices of the Court might have. Since Magistrates and Counsel would doubtless be most focused on the law and the facts of this case at the time of any argument, answering any inquiries at once would resolve any queries the Justices might have as well as making clear which issues were dispositive.

Counsel would be prepared to discuss any of the issues set out in the briefs. The Court of Criminal Appeals requires counsel to advise it in advance of oral argument which issue counsel propose to discuss. Counsel is at the Court's disposition.

### *ISSUES PRESENTED*

1. The Court of Appeals should grant a new trial in the interest of justice.

2. The verdict is contrary to the law and the evidence.

3. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Ernie Hernandez and Raul Salazar retaliated against county employees by reorganizing county departments.

4. The state presented misleading evidence when the state said that the defendant denied Susan Marfelino and Dalia Salinas due process.

5. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Commissioner Ernie Hernandez (unindicted alleged co-conspirator) and Raul Salazar retaliated against county employees by reorganizing county departments.

6. The state presented misleading evidence when the state alleged that the defendant denied Assistant Human Resources Director Susan Marfelino and Civil Service

Coordinator Dalia Salinas due process regarding a "demotion" that never occurred.

7. The witness failed to identify the defendant prior to trial. At trial, she denied failing to identify the defendant. The prosecutor failed to correct the falsity. Habeas granted. **Ex parte Adams**,768 S.W.2d 281(Tex.Crim.App.1989) This issue is raised now on appeal.

8. The State alleged that Commissioner Hernandez and the defendant caused the placement of an agenda item that called for the demotion / reorganization of Assistant Human Resources Director Susan Marfelino and Civil Service Coordinator Dalia Salinas.

In closing argument, the prosecutor held up a piece of paper and told the jury that there was an item on the agenda of the Commissioners' Court to demote the two women as retaliation. There was no agenda on that day. The misleading argument warrants a new trial.

9. Overall conduct by the prosecutor in presenting misleading argument and abuse of grand jury subpoenas, inter alia, warrants dismissal of the indictment with

prejudice to refile the same.

10. Cumulative error deprived the defendant of a fair trial. TEX.CONST.,art.I,sec.10 **Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010)

11. Cumulative error deprived the defendant of a fair trial. U.S.CONST.amend.VI; **Parle v. Runnels**,505 F.3d 922(9th Cir.2007)

12. The indictment fails to state an offense. Conviction for conduct which does not constitute an offense violates due course and due process.

*Pursuant to Tex.R.App.Proc.38.1(f), Appellant provides the following statement of facts stating concisely without argument the facts pertinent to the issues of points presented:*

## *STATEMENT OF FACTS*

The following issues will be proved up by bills of exception:

1. The Court of Appeals should grant a new trial in the interest of justice.

2. The verdict is contrary to the law and the evidence.

3. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Ernie Hernandez and Raul Salazar retaliated against county employees by reorganizing county departments.

4. The state presented misleading evidence when the state said that the defendant denied Susan Marfelino and Dalia Salinas due process.

5. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Commissioner Ernie Hernandez (unindicted alleged co-conspirator) and Raul Salazar retaliated against county employees by reorganizing county departments.

6. The state presented misleading evidence when the

state alleged that the defendant denied Assistant Human Resources Director Susan Marfelino and Civil Service Coordinator Dalia Salinas due process regarding a "demotion" that never occurred.

7.   The witness failed to identify the defendant prior to trial. At trial, she denied failing to identify the defendant. The prosecutor failed to correct the falsity. Habeas granted. **Ex parte Adams**,768 S.W.2d 281(Tex.Crim.App.1989) This issue is raised now on appeal.

8. The State alleged that Commissioner Hernandez and the defendant caused the placement of an agenda item that called for the demotion / reorganization of Assistant Human Resources Director Susan Marfelino and Civil Service Coordinator Dalia Salinas.

In closing argument, the prosecutor held up a piece of paper and told the jury that there was an item on the agenda of the Commissioners' Court to demote the two women as retaliation.  There was no agenda on that day. The misleading argument warrants a new trial.

9. Overall conduct by the prosecutor in presenting misleading argument and abuse of grand jury subpoenas, inter alia, warrants dismissal of the indictment with prejudice to refile the same.

10. Cumulative error deprived the defendant of a fair trial. TEX.CONST.,art.I,sec.10 **Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010)

11. Cumulative error deprived the defendant of a fair trial. U.S.CONST.amend.VI; **Parle v. Runnels**,505 F.3d 922(9th Cir.2007)

Appellant has moved the Court of Appeals to extend the time to file the bills of exception, of which the Court of Appeals will please take judicial notice. TEX.R.EVID.201; **Stroud v. VBFSB Holding Corp.**, 917 S.W.2d 75, 78 (Tex.App.-San Antonio 1996, writ denied) (A Court of Appeals may take judicial notice of its own records.)

Appellant as Applicant has filed an Application for a Post-Conviction Writ of Habeas Corpus, pursuant to TEX.CODE CRIM.P.art. 11.09. Appellant as Applicant is asking the Trial Judge to hold a hearing on his Bills of Exception at the same time that the Trial Judge holds a

hearing on his Application for Post-Conviction Writ of Habeas Corpus, pursuant to TEX.CODE CRIM.P.art. 11.09.

Appellant here seeks leave of the Court of Appeals to supplement this brief with a reference to approved or qualified bills of exception once that hearing has taken place and once the Trial Judge has taken action on approving or qualifying the verified bills.

12. The indictment fails to state an offense. Conviction for conduct which does not constitute an offense violates due course and due process.

*Pursuant to Tex. R. App. Proc. 38.1(g), Appellant provides the following summary of the argument, a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:*

## *SUMMARY OF ARGUMENT*

The indictment fails to state an offense. While there was no motion and ruling on a motion to quash, the Court of Appeals should consider the inadequacy of the state's pleading in determining if Appellant had a fair trial.

It should also consider whether this pleading is one which does implicate due course.

It should also consider whether this pleading is one which does implicate due process.

Yes, it is true that the state amended its constitution re such inadequate pleadings and the failure of the defense to move to quash. A state cannot avoid the requisites of federal due process by amending the state's constitution. The state's own requirement of due course will not abide a conviction and confinement for acts which do not constitute an offense...elsewise we should still have abode in the penitentiary for those convicted of homosexuality, those culpable of seduction upon false promise of marriage, etcetera.

The following things deprived the defendant of a fair trial, considering either due course or due process:

1. The Court of Appeals should grant a new trial in the interest of justice.

2. The verdict is contrary to the law and the evidence.

3. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Ernie Hernandez and Raul Salazar retaliated against county employees by reorganizing county departments.

4. The state presented misleading evidence when the state said that the defendant denied Susan Marfelino and Dalia Salinas due process.

5. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Commissioner Ernie Hernandez (unindicted alleged co-conspirator) and Raul Salazar retaliated against county employees by reorganizing county departments.

6. The state presented misleading evidence when the state alleged that the defendant denied Assistant Human Resources Director Susan Marfelino and Civil Service

Coordinator Dalia Salinas due process regarding a "demotion" that never occurred.

7. The witness failed to identify the defendant prior to trial. At trial, she denied failing to identify the defendant. The prosecutor failed to correct the falsity. Habeas granted. **Ex parte Adams**,768 S.W.2d 281(Tex.Crim.App.1989) This issue is raised now on appeal.

8. The State alleged that Commissioner Hernandez and the defendant caused the placement of an agenda item that called for the demotion / reorganization of Assistant Human Resources Director Susan Marfelino and Civil Service Coordinator Dalia Salinas.

In closing argument, the prosecutor held up a piece of paper and told the jury that there was an item on the agenda of the Commissioners' Court to demote the two women as retaliation. There was no agenda on that day. The misleading argument warrants a new trial.

9. Overall conduct by the prosecutor in presenting misleading argument and abuse of grand jury subpoenas, inter alia, warrants dismissal of the indictment with

prejudice to refile the same.

10. Cumulative error deprived the defendant of a fair trial.  TEX.CONST.,art.I,sec.10  **Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010)

11. Cumulative error deprived the defendant of a fair trial.  U.S.CONST.amend.VI; **Parle v. Runnels**,505 F.3d 922(9th Cir.2007)

12. The indictment fails to state an offense. Conviction for conduct which does not constitute an offense violates due course and due process.

*Pursuant to Tex. R. App. Proc. 38.1(h), Appellant provides the following argument or the contentions made, with appropriate citations to the authorities and to the record:*

### *ARGUMENT*

1. The Court of Appeals should grant a new trial in the interest of justice.

2. The verdict is contrary to the law and the evidence.

3. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Ernie Hernandez and Raul Salazar retaliated against county employees by reorganizing county departments.

The reorganization was never suggested by Ernie Hernandez. Rather, the reorganization was at the instance Juan Hernandez and Arnold Flores. This is important because at Garza-Salazar's trial, the state consistently advanced evidence against Ernie Hernandez, averring that Ernie Hernandez and Raul Garza-Salazar were co-conspirators in getting an answer key to the civil service examination to Hernandez' brother in law, Cadriel, and in retaliating against the two women who were to be demoted or reassigned.

There was never any demotion of any human resources personnel.

This harmed the defendant because it was a crime not charged in the indictment. The crime charged was tampering with witnesses, Susan Marfileno and Dalia Salinas, by demoting them.

But they were not demoted.

It is fundamental error for one to be convicted of a crime not charged in the indictment. **Clements v. State**, 576 S.W.2d 390(Tex.Crim.App.1979)

Defendant was convicted in the 174th Judicial District Court, Harris County, George D. Taylor, Special Judge, of aggravated robbery, and he appealed. The Court of Criminal Appeals, Dally, J., held that fundamental error was committed so as to mandate reversal where instruction authorized a conviction for a theory not charged in indictment. Reversed and remanded. **Clements v. State**, 576 S.W.2d 390(Tex.Crim.App.1979)

It is error for the prosecutor to charge the defendant in final argument with a crime not specified in the indictment. **Hough v. State**,828 S.W.2d97,101 hn6(Tex.App.–Beaumont 1992,pet.ref'd)

Hough was charged with "illegal expenditure". Hough at 97. In final argument the prosecutor accused him of selling cocaine:

"Point of error three alleges that the prosecutor made improper argument in urging the jury to convict the appellant of crimes of which he was not charged in the indictment. The error allegedly occurred during final argument when the Assistant District Attorney stated:
Which do you think is the greater danger in Lufkin, Texas? That your sons and daughters and your grandparents are going to be caught up with Roys threat or your third graders and forth [sic] graders are likely to find someone selling cocaine?" **Hough v. State**, 828 S.W.2d 97, 101 hn6 (Tex.App.-Beaumont 1992, pet.ref'd)

The Court found the argument error, but harmless, in view of the impact on the jury, the jury arguments, and the evidence at trial. In Hough, most of the evidence was about illegal investment, financing dope deals, not selling cocaine. In Salazar, the indictment did not charge Salazar with retaliating against witnesses or tampering with witnesses. It charged him with tampering with a public document.

There probably was an adverse impact on the jury. A jury might understand trying to get someone a job who was living in his truck and who could not read or write. It would not pass over demoting two women who were potential witnesses and trying to pass it off as reorganization.

The jury arguments emphasized generalized corruption in Cameron County and implications of what Ernie Hernandez did. One argument did accuse Salazar of a crime not charged in the indictment...retaliation against the two women who were demoted. (But they were not demoted.)

The evidence was equivocal. All the state's witnesses got immunity. Ernie Hernandez, the averred mastermind, did not testify, claiming a privilege not to testify against himself. The main witness, Cadriel, who could neither read nor write, had said that another person gave him the answer key. Threatened by the prosecutor, and told by the prosecutor who the prosecutor believed had given Cadriel the answer key, Cadriel then changed his story and said that Salazar gave Cadriel the answer key. This is not the compelling evidence of Hough.

This Court should find that the argument was erroneous but that it was not harmless beyond a reasonable doubt. The District Court should order a new trial.

**The misleading evidence offered by the state**

And it is not true that Ernie Hernandez was the one who placed an item on the commissioners' court agenda for November 21, 2013. The trial ended on November 15, 2013. The person who placed the item on the commissioners' court agenda for November 21, 2013 was Juan Hernandez, of the Civil Division, the requester. The one who wanted the item placed on the agenda was Arnold Flores, the Human Resources Director.

Presenting materially misleading evidence violates the guaranties of due course and due process. TEX.CONST.art.I,secs.13 & 19 and U.S.CONST.amend.XIV. **Ex Parte Ghahremani**,332 S.W.3d 470(Tex.Crim.App.2011) The applicant applied for writs of habeas corpus, arguing that the State unconstitutionally suppressed the July police report FN5 and presented false testimony in violation of the Fourteenth Amendment. The applicant argues that the State gave the jury the misleading impression that all of L.S.'s psychological treatment was the result of the applicant's assault, but that the relationship between L.S. and Davis could

have been partly responsible for L.S.'s need for treatment. FN5. See **Brady v. Maryland**, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (due process is violated when the State refuses to disclose requested evidence that is favorable to the defendant regarding either punishment or guilt); **United States v. Bagley**, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (due process requires reversal if the State, regardless of whether the defense made a request, failed to disclose relevant, mitigating evidence to the defendant).

The false evidence in Salazar was that the two women had been demoted...and that Ernie Hernandez and Salazar were responsible. But the two women were not demoted.  But the impact on the jury was that they had indeed been demoted ...and that Ernie Hernandez and Raul Garza Salazar were responsible for the retaliation against these witnesses or this tampering with these witnesses.

There was no doubt that Ghahremani had vaginal intercourse with the virgin 13-year old girl.  Even so,

presenting false and misleading evidence of the cause of psychological problems required a new punishment trial.

In Salazar the misleading evidence was presented at the guilt/innocence phase of the trial; the Court assessed the sentence. The Court should grant a new trial on guilt or innocence, since the misleading evidence tainted the guilt innocence trial.

The District Court should grant a new trial on punishment, as was done in Ghahremani. While Judges are presumed to disregard irrelevant evidence, that is different from the state's presenting misleading evidence or simply false evidence.

4. The state presented misleading evidence when the state said that the defendant denied Susan Marfelino and Dalia Salinas due process.

Both women got due process. Each was given a notice. On Nov. 23, 2013 Arnold Flores sent both an email telling county employees that he was going to reorganize and to come and talk to him if anyone had a question.

    ***

The state's presenting false testimony, whether by design or by carelessness, warrants a new trial.

> "We have judicially noticed the TDCJ regulation. This information, now properly before this Court, demonstrates there is a fair probability that appellant's death sentence was based upon Merillat's incorrect testimony as evidenced by the jury's notes. See **Simmons**, 512 U.S. at 160, 165-66, 114 S.Ct. 2187 (defendant "was prevented from rebutting information that the [jury] considered, and upon which it may have relied, in imposing the sentence of death" and jury "was denied a straight answer about [defendant's] parole eligibility even when it was requested" in a jury note). We believe that the Supreme Court would find this to be constitutionally intolerable. See id.; **Johnson v. Mississippi**, 486 U.S. 578, 590, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (death sentence based on "materially inaccurate" evidence violates Eighth Amendment); **Townsend v. Burke**, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (it violates due process to base conviction on "materially untrue" information "whether caused by carelessness or design"); **Ex parte Chabot**, 300 S.W.3d 768, 771 (Tex.Crim.App.2009) (State's unknowing use of perjured testimony violates due process); **Ex parte Carmona**, 185 S.W.3d 492, 497 (Tex.Crim.App.2006) (plurality op.) (revocation of community supervision based solely on perjured testimony violates due process). After having independently examined the merits of the State's confessed error, we are satisfied that appellant presents a meritorious substantive claim in point of error two." **Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010)

The women got due process. It was not true that they did not. It was not true that Ernie Hernandez and Raul Garza Salazar deprived them of notice and an opportunity to be heard. This evidence harmed Salazar because the state's theory was that Salazar gave Cadriel the answer key and retaliated against the two women as potential or actual witnesses.

The result should be the same as in Estrada, a new trial on punishment.

5. The state presented misleading testimony calculated to harm the defendant by putting on testimony that Commissioner Ernie Hernandez (unindicted alleged co-conspirator) and Raul Salazar retaliated against county employees by reorganizing county departments.

The reorganization was never suggested by Commissioner Ernie Hernandez or Raul Salazar as alleged by the State and supported by inaccurate testimony by the Cameron County Administrator Pedro Sepulveda and Assistant County Administrator David Garcia. Rather, the proposed reorganization was a result of long term planning by Human Resource Director Arnold Flores, and approved and

submitted by County Attorney Juan Gonzalez.

The testimony during trial was that Robert Lopez was responsible for ordering unindicted co-conspirator Carmen Vera to take the test for unindicted co-conspirator Roberto Cadriel. The existence or nonexistence of the defendant's participation as to "ordering" Carmen Vera to take the exam is an element of the offense that the State has the burden of proving beyond a reasonable doubt. The introduction of inaccurate testimony influenced the jury by misleading the jury to believe that this "reorganization", that actually never occurred, was caused by the defendant. The alleged retaliation described by the State as a "reorganization" would have led any reasonable juror to convict on emotion and not consider the facts or any evidence favorable to the accused.

Presentation of false testimony by the state deprives the defendant of due process of law, even if the state is unaware that it is false. **Chabot v. State**, 300 S.W.3d 768(Tex.Crim.App.2009) After trial in Chabot there were dna tests. The state's witness had said that the state's

witness had not had sex with the victim. The dna showed that the state's witness had indeed had sex with the victim. The dna also excluded the defendant as the one who left the sperm. The state's witness was the only one to place defendant at the crime. A new trial was ordered.

Retaliating against witnesses or pre-emptively attacking in order to tamper with those witnesses is some evidence from which a juror could conclude that Salazar must have given Cadriel the answer key because Salazar tampered with those two witnesses.

But there was no tampering. There was no retaliation.

Due course and due process provide the same protection. TEX.CONST.art.I,secs.13 &19 While the Texas Constitution is textually different in that it refers to "due course" rather than "due process," we regard these terms as without meaningful distinction. **Mellinger v. City of Houston**, 68 Tex. 37, 3 S.W. 249, 252–53 (1887).

6. The state presented misleading evidence when the state alleged that the defendant denied Assistant Human Resources Director Susan Marfelino and Civil Service

Coordinator Dalia Salinas due process regarding a "demotion" that never occurred. (See Exhibit 1 page 6-9)

The newly discovered evidence will show that both women were afforded due process. On October 23, 2013 Human Resource Director Arnold Flores sent both employees an email advising of his intent to reclassify the department to enhance operational efficiency of the department. And as of today's date no actual reassignment of duties or reorganization has been carried out. Mr. Flores also provided each, in writing, an opportunity to contact him if either employee had questions.

It is reversible error for the prosecutor not to correct material misstatements by state's witnesses. **Duggan v. State**, 778 S.W.3d 465(Tex.Crim.App.1989) The prosecutor left uncorrected a statement by accomplices that they had not been promised anything for their testimony. They had indeed been promised leniency for the testimony. The matter was remanded for a harm analysis.

Throughout the trial the state alleged tampering/retaliation, and urged the jury to find Salazar guilty of providing the answer key to Cadriel because

Salazar had tampered with/retaliated against witnesses. But there was not tampering or retaliation. The District Court should find harm and should order a new trial.

7. The new evidence will further show that on October 24, 2013, Civil Service Coordinator Dalia Salinas responded to the proposed changes via email and addressed her concern directly to Arnold Flores. In Dalia Salinas' response there is no mention or suggestion of Commissioner Hernandez or the defendant participating in retaliation against Mrs. Salinas as alleged by the State.

On October 24, 2013, Civil Service Coordinator Dalia Salinas further asserted a complaint to Cameron County Director Pedro Sepulveda against Human Resource Director Arnold Flores for the suggested reclassification. The complaint never suggested the involvement of Commissioner Ernie Hernandez or the defendant as suggested by the State and supported by inaccurate testimony by the Cameron County Administrator Pedro Sepulveda and Assistant County Administrator David Garcia. In fact her concern was regarding a new hire, Anthony Lopez, taking over her duties and alleging discrimination.

The witness failed to identify the defendant prior to trial. At trial, she denied failing to identify the defendant. The prosecutor failed to correct the falsity. Habeas granted. **Ex parte Adams**,768 S.W.2d 281(Tex.Crim.App.1989)

The moral of Adams is that presentation of false evidence may even be brought up on collateral attack. Here Salazar presents the matter on direct appeal. The result should be the same as in Adams, a new trial.

8. The new evidence will further show that the State's allegation that Commissioner Hernandez and the defendant caused the placement of an agenda item that called for the demotion / reorganization of Assistant Human Resources Director Susan Marfelino and Civil Service Coordinator Dalia Salinas, as a direct result of the State's subpoenas having been issued and served on the two aforementioned persons prior to trial. When in fact, the newly discovered evidence will show that a proposed memorandum to reassign duties was prepared on October 15, 2013 and prior to the execution of the State's subpoenas which were executed on October 24, 2013.

**Yates v. State**,171 S.W.3d 215(Tex.App.–Houston[1st Dist.]2005,pet.ref'd) The state's expert on post-partum depression testified that he had been on television and discussed postpartum depression. He had not. The state used his testimony to argue against Yates' post partum defense. Habeas granted. New trial ordered.

The result here should be the same as in Yates. The harm here is worse, since, in closing argument, the prosecutor held up a piece of paper and told the jury that there was an item on the agenda of the Commissioners' Court to demote the two women as retaliation. There was no agenda on that day. There had been a draft, but no final agenda. Using a draft agenda was misleading because it was merely potential, rather than actual, as the prosecutor portrayed it.

This is the difference between, "The defendant had a gun" and "The defendant shot the clerk with the gun he had".

Failure to correct material misstatements which might have impacted the jury's verdict requires a new trial. **Ramirez v. State**,96 S.W.3d 386(Tex.App.–Austin

1992,pet.ref'd) The complaining witness in the criminal case had hired a civil lawyer to file suit. At the criminal trial she said she had not hired a lawyer. But she had. The prosecutor knew. He did not correct the misstatement. The Third Court held that it was reasonably likely that the misstatement affected the jury's verdict. The capital murder conviction was reversed. **Ramirez v. State**,96 S.W.3d 386(Tex.App.–Austin 1992,pet.ref'd)

In Ramirez, the witness' statement that she had not done something was not so. In Salazar, the prosecutor's representation that there was an agenda in existence to retaliate against witnesses was a mere draft, simply potential. The prosecutor's argument effectively urged the jury to find Salazar guilty *because* of the impending retaliation. But there was no agenda in being. And there was no demotion. And there was no retaliation. So, the draftness of the paper which the prosecutor waived in front of the jury was misleading, because at the time of the argument there was no agenda in being.

9. Defendant contended (erroneously) that the newly discovered evidence would show that the State's allegation

that Roberto Cadriel received a benefit in the form of a paycheck and/or insurance and /or retirement was not true.

Defendant finally found out that Cadriel did receive a benefit, one check. But the prosecutor used grand jury subpoenas to impede discovery. This prosecutorial conduct warrants dismissal of the indictment with prejudice to refile the same.

"Benefit" is an element charged by the State and must be proved beyond a reasonable doubt. On December 19, 2013, an open records request was made to the Cameron County Auditor's Office, Martha Galarza requesting the production of copies of any checks, cancelled checks, deposits, electronic transfers, bank statements, documents, notes, memos, emails, texts, or faxes that would tend to show any item of benefit provided to, paid to, given to, conveyed to, or the like to the following person and/or entity for the year 2011 and listed below: Robert Cadriel, Robert Cadriel – D.O.B. 6/6/57, Robert Cadriel- XXX-XX-2797, Robert Cadriel – DL# - Tx.02449646, IBC Bank Account No. – 11011100525 Routing No. – 114911580.

The deadline to respond was December 30, 2013.  The Auditor's Office failed to respond and on January 2, 2014 a grand jury subpoena was served on the Auditor's Office which prohibited the dissemination of the requested information.

The systematic method that the State was utilizing regarding the grand jury process was interfering with the ability of the defendant to discover exculpatory evidence favorable to the accused.  In support of this allegation the defendant will further show that the State issued grand jury subpoenas for the following persons:  Juan Gonzalez-County Attorney and Arnold Flores – Director of Human Resources, immediately after learning that the truths which are asserted in the present motion were made in efforts to prevent disclosure of said truth to any inquiring person / entity.

The following actions by the State deprive the defendant of his 5th, 6th, and 14th Amendments of the United States Constitution.

The defendant further alleged that the State,

materially misrepresented the aforementioned items above during its closing. The State acted recklessly and at minimum, negligently, by presenting to the jury uninvestigated, inaccurate, and misleading information which includes: 1) nonexistent retaliation as allegedly committed by this defendant; 2) nonexistent demotion, 3) nonexistent deprivation of due process on Susan Marfileno and Dalia Salinas; 4) nonexistent benefit obtained by any indicted or unindicted person; nonexistent participation of defendant placing items of reorganization / demotion of Susan Marfileno and Dalia Salinas on the Commissioner's Court Agenda; and 5) nonexistent retaliation by defendant in response to Susan Marfileno and Dalia Salinas being served with subpoenas. In the words of the Third Court in Ramirez, supra, it is reasonably likely that the misleading statements and evidence affected the jury's verdict.

9. The foregoing and following misuse of the grand jury subpoenas was part of overall prosecutorial conduct which warrants dismissal of the indictment with prejudice to refile the same.

The systematic method in which this inaccurate information was presented influenced the jury and presented an "aggravating factor" that would not have existed had the inaccurate information not been presented. Counsel for the defendant could not have reasonably foreseen false testimony, therefore, could in no way have had an opportunity to prepare for an effective cross-examination of States witness.  This conduct of the State deprived movant of his 5th, 6th, and 14th Amendment Rights of the U.S. Constitution.  As to the Fifth Amendment (as applied to the states through the Fourteenth), defense counsel was unable effectively to confront and cross-examine witnesses because he could not have anticipated the cited misleading statements and simply not-true evidence.

As to the Sixth, defense counsel could not effectively provide a fair trial and effective counsel in the face of evidence and statements which were misleading or simply not true.  As to the Fourteenth, such misleading or false statements or evidence violate the guaranty of due process of law. U.S.CONST.amend.XIV **Ex parte Chabot, supra**, at 770

hn1, citing **Ex parte Carmona**,185 S.W.3d 192(Tex.Crim.App.2006)

The protections of due process, in the Union Basic Law, and those of due course, in Texas' own Constitution, are generally coterminous. Usually the due course protection of the Texas Constitution is congruent with that of the due process guaranty of the federal constitution. **Webb v. State**,341 S.W.3d 415(Tex.Crim.App.2011). Salazar complains that his right to due course of law, promised by TEX.CONST.art.I,secs.13 and 19, were violated by the use of such misleading or untrue statements or evidence.

10. Cumulative error deprived the defendant of a fair trial. TEX.CONST.,art.I,sec.10 **Estrada v. State**,313 S.W.3d 274(Tex.Crim.App.2010) Estrada consistently claimed that he was denied a fair trial throughout his brief. The Court of Criminal Appeals found that false testimony was presented at the punishment stage and ordered a new punishment trial.

The combination of the presentation of testimony and evidence and arguments which were at the very least

materially misleading, combined with using grand jury subpoenas to deprive the Trial Court at hearing on Motion for New Trial of further evidence of misleading evidence (that Cadriel was in fact never paid a penny by the county, never got a benefit), aggregate to deprive the defendant of a fair trial at trial and to deprive him of due process and due course of law at his hearing on his motion for new trial.  The District Court should order a new trial.

The Motion for New Trial is effectively part of the Trial.  The defendant is entitled to compulsory process to obtain witnesses and evidence on his behalf. U.S.CONST.amend.V;  TEX.CONST.art.I,sec.10.    The Open Records Act is like a subpoena.  Defendant tried to use it to get information that Cadriel had never been paid farthing by Cameron County.  The state had to prove that Cadriel got some benefit...payment as a security guard. The Auditor, Ms. Gallarza, has that information. Testimony at the hearing on the Motion for New Trial will show that she is married to Mr. Garza, the prosecutor in this case. Testimony at the hearing on the Motion for New Trial will

show that the state sued out grand jury subpoenas after the Open Records Act request was made and further that because of those grand jury subpoenas the information has not been disclosed to defendant so that he can present it at a hearing on the Motion for New Trial.

While Defendant will present evidence and testimony relating to the Grand Jury subpoenas, the District Court should take judicial notice of the grand jury subpoenas. TEX.R.EVID.201 "[A] trial court may take judicial notice of its own orders, records, and judgments rendered in cases involving the same subject matter and between practically the same parties. 1 Ray, Texas Practice, Sec. 186." **Turner v. State**,677 S.W.2d 518,523 hn13(Tex.Crim.App.[en banc]1984)

Separately Defendant moves to quash those grand jury subpoenas in time to present information to the District Court at hearing on Motion for New Trial that Cadriel was never paid anything by Cameron County. If the subpoenas are quashed, the Open Records Act will require Ms. Gallarza to disclose that information to the Court.

As to depriving defendant of a fair trial as well as

due course and due process, "Why sue out grand jury subpoenas after the trial is over?" There already were two indictments. The defendant has been tried and a judgment rendered on a jury verdict. Upon a proper plea and proof of collateral estoppel or double jeopardy or both, he cannot be tried for either or both of these offenses again, save if he himself petitions for a new trial, as he does. What need then of further grand jury subpoenas if not to deprive Defendant of the information the Open Records Act promises?

The District Court should determine that defendant was denied a fair trial and is being denied the due course and due process necessary (the Open Records Act information) to prove up his allegation in the Motion for New Trial that Cadriel never received a benefit from Cameron County. The District Court should order a new trial.

11.    Cumulative error deprived the defendant of a fair trial. U.S.CONST.amend.VI The Federal Constitution promises a fair trial. That guaranty applies to the states through the adoption of the post-bellum Fourteenth

Amendment. **Duncan v. Louisiana**,391 U.S.145(1968)

A state court found cumulative error. The state court found that the cumulative error did *not* deprive the defendant of a fair trial. On collateral attack, a United States Court of Appeals found the state court's decision "objectively unreasonable" and granted habeas corpus [motion to vacate] relief. The Court of Appeals here should cite the Sixth Amendment promise of a fair trial and grant the same relief here, a new trial.

In **Parle**,

"The Court of Appeals, Hawkins, Circuit Judge, held that state appellate court's conclusion that cumulative effect of evidentiary errors made during murder trial did not violate petitioner's due process rights was objectively unreasonable application of clearly established federal law, and thus warranted federal habeas relief." [Westlawnext's reporter's synopsis,lw] **Parle** at 922

The United States Court of Appeals reiterated the governing principle for cumulative error in the light of the Fourteenth Amendment's guaranty of due process as well as the Sixth's promise of a fair trial:

"Under traditional due process principles, cumulative error warrants habeas relief only where the errors have "so infected the trial with unfairness as to

make the resulting conviction a denial of due process." **Donnelly v. DeChristoforo**, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Such "infection" occurs where the combined effect of the errors had a "substantial and injurious effect or influence on the jury's verdict." **Brecht**, 507 U.S. at 637, 113 S.Ct. 1710 (internal quotations omitted); see also **Thomas**, 273 F.3d at 1179–81 (noting similarity between Donnelly and Brecht standards and concluding that "a Donnelly violation necessarily meets the requirements of Brecht "). In simpler terms, where the combined effect of individually harmless errors renders a criminal defense "far less persuasive than it might [otherwise] have been," the resulting conviction violates due process. See **Chambers**, 410 U.S. at 294, 302–03, 93 S.Ct. 1038." **Parle** at 927 hn9

"The "logical corollary" of this harmless error doctrine is that trial errors are more likely to be prejudicial to a defendant—i.e., not harmless—when the government's case on a critical element is weak." **Parle** at 928 hn11

The District Court will recall the evidence. At first Cadriel said that someone other than Salazar gave Cadriel the answer key.  Later, after being interviewed again by the prosecutor, Cadriel, who can neither read nor write, who made up the story about an injury sustained when he was a child and is thus suspect for prevarication, changed his testimony and said that Salazar was the one who gave Cadriel the answer key.

It is fair to characterize this evidence as weak.

Here is the consequence of that weakness in the light of cumulative error:

"Accordingly, in determining whether the combined effect of multiple errors rendered a criminal defense "far less persuasive" and had a "substantial and injurious effect or influence" on the jury's verdict, the overall strength of the prosecution's case must be considered because "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." **Strickland v. Washington**, 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." **Parle** at 928 hn11

12. The indictment fails to state an offense. While there was no motion and ruling on a motion to quash, the Court of Appeals should consider the inadequacy of the state's pleading in determining if Appellant had a fair trial.

It should also consider whether this pleading is one which does implicate due course.

It should also consider whether this pleading is one

which does implicate due process.

Yes, it is true that the state amended its constitution re such inadequate pleadings and the failure of the defense to move to quash. A state cannot avoid the requisites of federal due process by amending the state's constitution. The state's own requirement of due course will not abide a conviction and confinement for acts which do not constitute an offense...elsewise we should still have abode in the penitentiary for those convicted of homosexuality, those culpable of seduction upon false promise of marriage, etcetera.

The indictment does not allege that the act of giving answers was done without the consent of the owner. When a material element is omitted from the indictment, it fails to state an offense. **Ex Parte Givens**, 619 S.W.2d 184(Tex.Crim.App. 1981) Such process violates both due course and due process. TEX.CONST.arts.13 & 19 as well as U.S. CONST.amend.14, Givens.

## CONCLUSION AND REQUEST FOR RELIEF

The Court should find that the state presented misleading testimony calculated to harm the Defendant. The Court should find that the argument was erroneous but that it was not harmless beyond a reasonable doubt. The Court should grant a new trial on guilt or innocence, since the misleading evidence tainted the guilt/innocence trial.

The Court should grant a new trial on punishment.

The Court should find that the state presented false testimony and that the defendant was deprived of due process and due course of law. The Court should find that the misleading statements and evidence from the state affected the jury's verdict. The Court should find harm and should order a new trial.

The Court should find that cumulative error deprived the defendant of a fair trial and order a new trial.

The Court should find that the grand jury subpoenas that the state sued out stopped witnesses from testifying at a motion for new trial. The Court of Appeals should find this a deprivation of due process and due course. It should provide an appropriate remedy, dismissal of the indictment with prejudice to refile the same.

The District Court should determine that the defendant was denied a fair trial and was being denied the due course and due process necessary to prove up his allegation in the Motion for New Trial that Cadriel never

received a benefit from Cameron County.

Respectfully submitted

*/s/Larry Warner*
Larry Warner,
Counsel for Respondent
3109 Banyan Circle
Harlingen,Tx 78550
Phone  956 230 0361;
Fax 866 408 1968
Tex.State Bar# 20871500
Usdc,Stdx# 1230
office@larrywarner.com
website: larrywarner.com
Member, Bar of the Supreme Court
of the United States(1984)
Board Certified, Criminal Law
Texas Board of Legal
Specialization(1983)

## Certificate of Service

I will hand a copy of this Motion for New Trial and Motion Setting Hearing on this Motion for New Trial to the prosecutor in the courtroom and inform the court that I have done so. I am emailing a copy of this instrument to Gustavo Garza, Assistant District Attorney, and Ismael Hinojosa, Assistant District Attorney, email: <gustavo.garza@co.cameron.tx.us>, and <ismael.hinojosa@co.cameron.tx.us> on January 7, 2015.

Respectfully submitted
January 7, 2015,

/s/Larry Warner
Larry Warner,
Counsel for Defendant

Pursuant to Tex.R.App.Proc.9.4(i)(C) Appellant provides this Certificate of Compliance:


   I, the undersigned counsel, certify that this reply brief was prepared using WordPerfect X3 and complies with TexR.App.Proc. 9.4(I)(C) and contains 6,704 words in Courier New 14pt.


                         RESPECTFULLY SUBMITTED,
                         JANUARY 7, 2015.

                         */s/Larry Warner*
                         Larry Warner
                         Attorney for Appellant
                         3109 Banyan Circle
                         Harlingen, Texas 78550
                         PHONE 956 230 0361;
                         FAX 866 408 1968
                         email: **office@larrywarner.com**
                         website: larrywarner.com
                         State Bar of Tx 20871500;
                         USDC,SDTX 1230(1981)
                         Board.Certified,Criminal Law,
                         Texas Board Legal Specialization(1983)
                         Member of the Bar of the
                         Supreme   Court   of   the   United
                         States(1984)